**THE CITY OF MIAMI, a municipal corporation of the State of Florida, v. GREATER MIAMI PORT AUTHORITY, created and existing under and by virtue of Chapter 22303, Laws of Florida, Acts of 1943.**

22 So. (2nd) 152                                  June Term, 1945
May 1, 1945                                       En Banc

*J. W. Watson, Jr.,* for appellant.

*Hoffman & Durant, Carl T. Hoffman, N. J. Durant* and *Sam C. Matthews,* for appellee.

SEBRING, J.:

Greater Miami Port Authority, created and existing under and by virtue of Chapter 22303, Special Laws of Florida, 1943, has brought this suit for declaratory judgment for the purpose of a determination of its rights and powers under the statute, with reference to the employment status of em-

ployees coming under its jurisdiction. The sole question is whether the employees of the Port Authority are subject to, and come under, the civil service laws of the City of Miami.

Greater Miami Port Authority is a board or commission created by statute to manage, control and operate certain properties heretofore, or hereafter to be, acquired by the City of Miami in the exercise of its proprietary functions. The constitutionality of the statute creating such agency has been upheld. See Gardner v. Fuller, et al., decided this day.

The scope and extent of the powers and duties vested in the Port Authority is fixed by the statute. Among the powers specifically delegated to it is the power "To make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this Act, and to employ consulting engineers, superintendents, managers and such other engineering, construction and accounting experts and attorneys, and such other employees and agents, as may be necessary in its judgment, and to fix their compensation; . . ." See Sec. 8(h), Ch. 223.03, Special Laws of Forida, 1943.

It is clear that the Act does not give the City of Miami any power or jurisdiction over the employees of the Port Authority, but all such power is vested exclusively in the Port Authority. The matter of hiring its employees rests solely with the Port Authority. Moreover, it has the exclusive power to fix the qualifications of employees, the compensation to be paid them, and the conditions under which they shall continue in employment. In short, Greater Miami Port Authority and the employees hired by it after the effective date of the Act are totally unaffected by the provisions of the civil service laws of the City of Miami.

The decree appealed from is affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.